JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| SHEA EMANUEL, as parent and natural guardian of N.B., a minor | THE WALT DISNEY COMPANY |

**(b)**   County of Residence of First Listed Plaintiff    Lehigh
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)**   Attorneys *(Firm Name, Address, and Telephone Number)*

Kitay Law Offices
1810 Union Blvd., Allentown, PA 18109

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question (U.S. Government Not a Party)
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity (Indicate Citizenship of Parties in Item III)

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                        *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation - Transfer
- ☐ 8   Multidistrict Litigation - Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Sec. 12182
Brief description of cause:
ADA Public Accommodation Discrimination

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:       ☐ Yes   ☒ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*       JUDGE _____   DOCKET NUMBER _____

DATE
09/22/2020

SIGNATURE OF ATTORNEY OF RECORD
*William P. Mansour*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 299 Twin Brook Road, Northampton, PA 18067 _____

Address of Defendant: _____ 114 5th Ave., #13, New York, NY 10011 _____

Place of Accident, Incident or Transaction: _____ Whitehall, Lehigh County, PA _____

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 09/22/2020    *William P. Mansour*    318833
_____    _____    _____
   *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.**    *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.**    *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ William P. Mansour _____, counsel of record *or* pro se plaintiff, do hereby certify:

- ☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

- ☑ Relief other than monetary damages is sought.

DATE: 09/22/2020    *William P. Mansour*    318833
_____    _____    _____
   *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| SHEA EMANUEL, as parent and natural guardian of N.B., a minor | : | CIVIL ACTION |
| v. | : | |
| | : | |
| THE WALT DISNEY COMPANY | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)


| | | |
|---|---|---|
| 09/22/2020 | William P. Mansour, Esq. | Plaintiff Shea Emanuel |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (610) 776-1700 | (484) 350-3200 | wmansour@kitaylegal.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHEA EMANUEL, as parent and natural guardian of N.B., a minor, | ) ) ) ) | |
| Plaintiff, | ) ) | No. _____ |
| v. | ) ) | |
| THE WALT DISNEY COMPANY, | ) ) | CIVIL ACTION – LAW |
| Defendant. | ) ) ) | |

## COMPLAINT

NOW COMES, Plaintiff SHEA EMANUEL ("Plaintiff"), as parent and natural guardian of ████████ ("N.B."), a minor, by and through her undersigned counsel, who hereby complains against Defendant THE WALT DISNEY COMPANY ("Defendant") as follows:

## INTRODUCTION

1.      This disability discrimination action arises under Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"). Specifically, as set forth in more detail herein, Plaintiff alleges that Defendant's Disney Store in the Lehigh Valley Mall, Whitehall, Pennsylvania, denied entry to N.B., her seven-year-old autistic son, because he could not wear a face covering due to his autism.

## PARTIES

2.      Plaintiff is an adult individual currently residing at 299 Twin Brook Road, Northampton, Lehigh County, Pennsylvania 18067. Plaintiff is the mother and natural

guardian of N.B., a minor. At all times relevant and material hereto, N.B. was seven (7) years of age.

3.      Defendant is a multi-national, for-profit corporation incorporated under the laws of the State of Delaware. Defendant's headquarters are located at 114 5th Avenue, #13, New York, New York 10011. Defendant is a diversified worldwide entertainment company. In addition to writing, producing, and distributing original content such as music, films, and television shows, Defendant owns and operates at least fourteen (14) domestic cable networks, six (6) theme parks/resorts, an international cruise line, and at least two (2) online streaming services. Defendant also sells various Disney-, Marvel-, and Pixar-branded products through a chain of retail stores called "The Disney Store." At present, Defendant owns and operates approximately two hundred (200) Disney Stores in North America, sixty (60) in Europe, fifty (50) in Japan, and two (2) in China. Although it produces content appropriate for all ages, Defendant is best known for creating content that appeals primarily to children.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because this action arises under the laws of the United States.

5.      Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because the events giving rise to this action occurred within this district.

## FACTUAL ALLEGATIONS

6.      N.B. suffers from nonverbal Autism Spectrum Disorder ("ASD"), a developmental disorder that affects communication and behavior. Although ASD severity runs along a broad spectrum, common symptoms of ASD include impaired social and communication skills, repetitive behaviors, insistence on sameness, and sensory intolerances. Many people with ASD, particularly children like N.B., are highly sensitive to touch, especially on their faces.

7.      On July 1, 2020, in an effort to reduce the spread of COVID-19, Pennsylvania Department of Health Secretary Dr. Rachel Levine issued a statewide order requiring individuals to wear face coverings while in certain settings, including "in any indoor location where members of the public are generally permitted" (hereinafter "Face Covering Order"). *See* **EXHIBIT A, § 2.B.**

8.       Notably, however, the Face Covering Order includes an express exception for "individuals who cannot wear a mask due to a medical condition, including those with…[a] mental health condition, or disability." *See* **EXHIBIT A, § 3.A.i.** Importantly, "[i]ndividuals are not required to show documentation that an exception applies." *See* **EXHIBIT A, § 3.B.**

9.      Wearing a face mask can be difficult, if not impossible, for people with ASD, especially children. According to child psychiatrist Robyn Thom, M.D.:

> Wearing a face mask involves many unpleasant sensations. On the surface, there's the scratchy texture of fabric, tight contact where the top of the mask meets the skin, and the tug of elastic on the ears. Sensations under the mask are no more pleasant

3

and include the warm, damp smell of recycled air. In addition, the sensation of breathing in and exhaling air through the nose can feel restrictive, leading to concern and worry for many individuals with ASD. While wearing a mask is uncomfortable at best, these unpleasant sensory experiences can be intensely magnified in people with ASD.

In addition to these sensory challenges, face masks also create new social communication challenges. Autism spectrum disorder can include poor visual perception skills, making the odds of accurately reading another person's facial expression beneath a mask, from a socially appropriate distance, more difficult than usual. Moreover, when viewing another person's face while they are wearing a face mask, the eyes are the primary area of the face that is visible. Individuals with ASD often have difficulty making eye contact, adding yet another hurdle for them in the social-communication realm. These factors can lead to miscommunication and frustration. Because masks muffle voices, verbal communication also becomes more difficult.[1]

10.     Following issuance of the Face Covering Order, Plaintiff attempted, on several occasions, to test N.B.'s tolerance for wearing different face coverings. This effort proved stressful and, ultimately, unsuccessful because the sensation of the covering on N.B's face created a very unpleasant experience for him. As a result, Plaintiff decided that she would not force N.B. to wear a face covering in public settings.

11.     At all times relevant and material hereto, Defendant owned and operated a Disney Store retail establishment in the Lehigh Valley Mall, Whitehall, Pennsylvania ("Whitehall Disney Store").

---

[1]     https://www.health.harvard.edu/blog/helping-people-with-autism-spectrum-disorder-manage-masks-and-covid-19-tests-2020061020089

12.     At all times relevant and material hereto, the Whitehall Disney Store was open to the public during defined business hours.

13.     In response to the Face Covering Order, Defendant created and implemented a policy or practice at the Whitehall Disney Store of denying entry to all persons without a face covering. Contrary to the Face Covering Order, however, Defendant's policy or practice did not include an exception for people whose medical conditions or disabilities prevented them from wearing a face covering.

14.     In addition, at all times relevant and material hereto, Defendant created and implemented a policy or practice at the Whitehall Disney Store of limiting the total number of shoppers permitted in the store at any given time. This policy or practice was intended to mitigate the risk of spreading COVID-19 by limiting physical and social interaction inside the store.

15.     On August 20, 2020, Plaintiff, a single mother of two boys and full-time hairstylist, took time off work to celebrate her younger son's recent birthday. As part of the celebration, Plaintiff planned to take her two boys to the Disney Store in the Lehigh Valley Mall with the intention of purchasing some merchandise for them. Like many children around the world, N.B. and his younger brother are avid consumers of Defendant's content.

16.     There was a line of about ten (10) to fifteen (15) people standing outside the Whitehall Disney Store waiting to enter when Plaintiff and her boys arrived. The entrance to the store was blocked off with a rope. Outside the entrance was one of Defendant's

female employees, whose job it was to enforce Defendant's policy or practice of denying entry to people without face coverings and limiting the number of patrons inside the store.

17.     Plaintiff and her sons proceeded to take their place at the back of the line. They stood in line for about ten (10) to fifteen (15) minutes before getting to the entrance. N.B. did not wear a face covering at any point while he was waiting in line with his mother and younger brother.

18.     When Plaintiff arrived at the front of the line with her boys ready for their turn to enter the store, Defendant's female employee denied them entry because N.B. was not wearing a face covering.

19.     Plaintiff explained to Defendant's female employee that N.B. suffers from ASD, which prevents him from wearing a face covering.

20.     At that point, Defendant's female employee called for the store manager. Plaintiff informed the manager that N.B. suffers from ASD, which prevents him from wearing a face covering. Unpersuaded by Plaintiff's explanation, the manager refused to allow N.B. to enter the store because he was not wearing a face covering.

21.     Plaintiff and her sons were humiliated by Defendant's act of denying them entry to the Whitehall Disney Store, especially since it occurred in front of about a dozen other people who were still waiting in line. N.B., in particular, was especially distraught since he was unable to fully comprehend why he was not allowed to enter the Whitehall Disney Store.

22.     At all times relevant and material hereto, N.B. was neither infected with COVID-19 nor exhibiting any symptoms of COVID-19, such as fever, cough, or shortness of breath.

23.     At all times relevant and material hereto, N.B. posed no direct threat of physical harm to himself or any other person inside the Whitehall Disney Store, with or without a face covering.

### COUNT I
### PUBLIC ACCOMMODATION DISCRIMINATION
### IN VIOLATION OF 42 U.S.C. § 12182(a),
### THE AMERICANS WITH DISABILITIES ACT

24.     Plaintiff incorporates by reference all preceding allegations as if same were set forth more fully at length herein.

25.     At all times relevant and material hereto, N.B. had a mental condition (ASD) that substantially impaired several major life activities, such as learning, thinking, and communicating.

26.     N.B. was physically and mentally incapable of wearing a face covering because of his ASD.

27.     At all times relevant and material hereto, Defendant's Whitehall Disney Store was a "public accommodation" within the meaning of the ADA because it was a "sales establishment," Defendant's operation of which affected commerce among the several States.

28.     By enforcing its policy or practice of denying entry to the Whitehall Disney Store to individuals without face coverings, Defendant imposed or applied eligibility

criteria that tended to screen out individuals with disabilities that prevented them from wearing a face covering.

29.     Defendant was not legally compelled to enforce the Face Covering Order against N.B. because he was excepted from the order by reason of his disability.

30.     Instead of denying N.B. entry into the Whitehall Disney Store, Defendant, through its agents and employees, could have permitted him to enter without a face covering since it was also limiting the number of shoppers in the store at one time, thereby reducing N.B.'s chances of physically or socially interacting with them.

31.     Instead of denying N.B. entry into the Whitehall Disney Store, Defendant, through its agents and employees, could have permitted him to enter without a face covering while ensuring that he complied with all CDC social distancing protocols.

32.     By denying N.B. entry into the Whitehall Disney Store because he could not wear a face covering, Defendant, through its agents and employees, failed to make a reasonable modification to its policy or practice of denying entry to people without face coverings.

33.     Permitting N.B. to enter the Whitehall Disney Store without a face covering would not have fundamentally altered the nature of the goods or services offered by Defendant.

34.     Permitting N.B. to enter the Whitehall Disney Store without a face covering would not have imposed any economic burden or other undue hardship on Defendant.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant and award the following relief:

a.   An order permanently enjoining Defendant from enforcing its face covering policy or practice at the Whitehall Disney Store against individuals who cannot wear face coverings because of an ADA-covered disability;

b.   All costs and reasonable attorney's fees; and

c.   Any other relief deemed proper and just.

*Respectfully Submitted,*

**KITAY LAW OFFICES**

Dated: September 22, 2020      BY:   */s/ William P. Mansour*
William P. Mansour, Esquire
Pa. Attorney ID No. 318833
**Kitay Law Offices**
1810 Union Blvd.
Allentown, PA 18109
P: (610) 776-1700
Email: wmansour@kitaylegal.com

Attorney for Plaintiff Shea Emanuel