UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| SHEA EMANUEL, | : |
|      Plaintiff, | : |
| | : |
|     v. | :    No. 5:20-cv-04639 |
| | : |
| THE WALT DISNEY COMPANY, | : |
|      Defendant. | : |

_____

**O P I N I O N**
**Motion for Dismiss, ECF No. 8 – Denied**

**Joseph F. Leeson, Jr.**                                     **June 15, 2021**
**United States District Judge**

## I.     INTRODUCTION

This case involves a single count of public accommodation discrimination brought by Plaintiff, Shea Emanuel on behalf of her seven-year-old son, N.B.  Emanuel alleges that N.B. suffers from non-verbal autism and cannot physically or mentally wear a face covering for more than a few seconds because of his condition.  Disney, who operates a store in the Lehigh Valley Mall in Whitehall, Pennsylvania, denied entry to N.B. because he would not wear a face covering.

The motion before this Court is a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6).  After review, Disney's motion to dismiss is denied.

## II.    BACKGROUND

The background is taken, in large part, from the allegations in Emanuel's Amended

Complaint.

N.B. suffers from nonverbal Autism Spectrum Disorder, ("ASD"), a developmental

disorder that affects communication and behavior.  *See* Am. Compl. at 3.  Common symptoms of

ASD include impaired social and communication skills, repetitive behaviors, insistence on

sameness, and sensory intolerances.  *See id.*  People with ASD, particularly children like N.B.,

are highly sensitive to touch, especially on their faces.  *See id.*  Wearing a mask can be

impossible for some people with ASD, especially children.  *See id.* at 4.

On March 11, 2020, the World Health Organization ("WHO") "made the assessment that

COVID-19 can be characterized as a pandemic."  *WHO Director-General's opening remarks at

the media briefing on COVID-19*, WORLD HEALTH ORG. (March 11, 2020),

https://www.who.int/director-general/speeches/detail/who-director-general-s-opening-remarks-

at-the-media-briefing-on-covid-19---11-march-2020.[1]  In light of the ongoing COVID-19

pandemic, on April 15, 2020, Pennsylvania Department of Health Secretary, Dr. Rachel Levine,

issued a statewide order related to face coverings.  *See* Am. Compl. 3.  The order directed all

businesses open to the public to "require all customers to wear masks while on premises, and

deny entry to individuals not wearing masks. . ."  *See id.*  However, "individuals who cannot

wear a mask due to a medical condition . . . may enter the premises and are not required to

provide documentation of such medical condition."  *Id.*; *see also Order of the Secretary of the*

---

[1]    This Court takes judicial notice of the statement made by WHO's director-general at a media briefing on COVID-19.  *See City of Phila. v. Sessions*, No. 17-3894, 2018 U.S. Dist. LEXIS 69082, at \*14 (E.D. Pa. Apr. 24, 2018) (concluding that there is substantial precedent for taking judicial notice of public statements made by federal officials); *Prushan v. Select Comfort Retail Corp.*, No. 16-cv-5303, 2017 U.S. Dist. LEXIS 83710, at \*8 n.2 (E.D. Pa. May 30, 2017) (taking judicial notice of a public statement made before a United States House of Representatives subcommittee).

*Pennsylvania Department of Health Directing Public Health Safety Measures for Businesses Permitted to Maintain In-person Operations*, PA. DEP'T OF HEALTH (April 15, 2020), https://www.health.pa.gov/topics/Documents/Diseases%20and%20Conditions/SOH%20COVID-19%20Worker%20Safety%20Order.pdf.

On July 1, 2020, Secretary Levine issued another statewide order requiring individuals to wear face coverings while in certain settings, and included the same exception to the face covering requirement for "individuals who cannot wear a mask due to a medical condition, including those with. . . [a] mental health condition, or disability." *See* Am. Compl. 3.  Once more, "individuals are not required to show documentation that an exception applies." *Order of the Secretary of the Pennsylvania Department of Health Requiring Universal Face Coverings*, PA. DEP'T OF HEALTH (July 1, 2020), https://www.governor.pa.gov/wp-content/uploads/2020/07/20200701-SOH-Universal-Face-Coverings-Order.pdf.

 Following issuance of Secretary Levine's face covering orders, Emanuel attempted, on several occasions, to test N.B.'s tolerance for wearing different face coverings.  *See* Am. Compl. 4.  These efforts proved unsuccessful because the sensations of the covering on N.B.'s face were so unpleasant that they caused him to immediately rip the covering off.  *See id.*  It was impossible for N.B. to wear a face covering for more than a few seconds before he ripped it off. *See id.* at 5.

In response to Secretary Levine's face covering orders, Disney maintained a policy at the Whitehall Disney Store of denying entry to all persons without a face covering.  *See id.* at 5. Disney's policy did not include an exception for people whose medical conditions or disabilities prevented them from wearing a face covering.  *See id.*  In addition, Disney limited the total number of shoppers permitted in the store at any given time.  *See id.*

On August 20, 2020, Emanuel took time off work to celebrate her younger son's recent birthday.  *See id.*  She took her two boys to the Disney store in the Lehigh Valley Mall.  *See id.* at 5-6.  Emanuel alleges that N.B. was neither infected with COVID-19 nor exhibiting any symptoms of COVID-19, such as fever, cough, or shortness of breath.  *See id.* at 7.

The entrance to the Disney store was blocked off with a rope.  *See id.* at 6.  One of Disney's employees stood outside the entrance of the store to enforce Disney's COVID-19 related policies.  *See id*.  Inside the Whitehall Disney Store, there were approximately ten customers, visible to Emanuel, all of whom were wearing face coverings.  *See id.*

Emanuel and her sons waited in the line outside the entrance to the Whitehall Disney Store for about ten to fifteen minutes.  *See id.*  N.B. did not wear a face covering at any point while he was waiting in line with his mother and younger brother.  *See id.*

When Emanuel and her sons arrived at the front of the line, Disney's employee denied them entry because N.B. was not wearing a face covering.  *See id.*  Emanuel explained to Disney's employee that her son suffers from ASD, which makes it impossible for him to wear a face covering for more than a few seconds.  *See id.*  Disney's employee called for the store manager, and Emanuel informed the store manager that N.B. suffers from ASD, which prevents him from wearing a mask.  *See id.* at 7.  The store manager refused to allow N.B. to enter the store because he was not wearing a face covering.  *See id.*

On September 22, 2020, Emanuel filed a Complaint against The Walt Disney Company on behalf of her son N.B., alleging public accommodation discrimination.  *See* Compl., ECF No. 1.  On December 21, 2020, The Walt Disney Company filed a Motion to Dismiss for failure to state a claim.  *See* ECF No. 5.  On January 4, 2021, Emanuel filed an Amended Complaint against The Walt Disney Company, again alleging a single count of public accommodation

discrimination under Title III of the Americans with Disabilities Act (ADA).  *See* Am. Compl., ECF No. 6.

On January 15, 2021, The Walt Disney Company filed the present Motion to Dismiss Emanuel's Amended Complaint for failure to state a claim.  *See* Mot., ECF No. 8.

## III.   LEGAL STANDARDS

### A.   Review of Motion to Dismiss

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted).  Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim.  *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense").  "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).  The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon

which relief can be granted.  *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005)

(citing *Kehr Packages, Inc. v. Fidelcor*, *Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### B.     ADA Discrimination Claim – Review of Applicable Law

Title 42 U.SC. § 12182(a) sets forth the "general rule" that "no individual shall be

discriminated against on the basis of disability in the full and equal enjoyment of the goods,

services, facilities, privileges, advantages, or accommodations of any place of public

accommodation by any person who owns, leases (or leases to), or operates a place of public

accommodation."  42 U.SC. § 12182(a).

Courts have distilled the general rule into a three-part test to determine whether

discrimination occurred.  To state a claim under Title III of the ADA, a plaintiff must show "(1)

discrimination on the basis of a disability; (2) in the full and equal enjoyment of the goods,

services, facilities, privileges, advantages or accommodations of any place of public

accommodation; (3) by the public accommodation's owner, lessor or operator."  *Anderson v.*

*Kohl's Corp.,* No. 2:12-CV-00822, 2013 WL 1874812, at *6 (W.D. Pa. May 3, 2013) (citing

*Harty v. Burlington Coat Factory of Pa., L.L.C.*, No. CIV.A. 11-01923, 2011 WL 2415169, at *9

(E.D. Pa. June 16, 2011); *see also Bowers v. Nat'l Collegiate Athletic Ass'n*, 9 F. Supp. 2d 460,

480 (D.N.J. 1998).

In defining actions or omissions that constitute discrimination, Section 12182(b)(2)

provides, in relevant part, that discrimination includes:

> a failure to make reasonable modifications in policies, practices, or procedures,
> when such modifications are necessary to afford such goods, services, facilities,
> privileges, advantages, or accommodations to individuals with disabilities, unless
> the entity can demonstrate that making such modifications would fundamentally
> alter the nature of such goods, services, facilities, privileges, advantages, or
> accommodations.

*See* 42 U.SC. 12182(b)(2)(A)(ii).

The Third Circuit has distilled this provision into three relevant considerations. Accordingly, when determining whether a failure to accommodate constitutes discrimination under the ADA, a court should consider "(1) whether the requested accommodation to the program was 'reasonable'; (2) whether it was necessary 'to assure meaningful access'; and (3) whether it would represent 'a fundamental alteration in the nature of [the] program.'" *Matheis v. CSL Plasma, Inc.*, 936 F.3d 171, 178 (3d Cir. 2019) (quoting *Berardelli v. Allied Servs. Inst. of Rehab. Med.*, 900 F.3d 104, 123 (3d Cir. 2018)). The plaintiff bears the initial burden of establishing that the desired accommodation is reasonable and necessary, while the defendant bears the burden of showing that it would fundamentally alter the nature of the program. *See id.* (citing *Berardelli*, 900 F.3d at 124).

To determine whether a modification is "reasonable," courts must determine "whether it alters the essential nature of the program or imposes an undue burden or hardship in light of the overall program." *Anderson v. Franklin Inst.*, 185 F. Supp. 3d 628, 647 (E.D. Pa. 2016) (citing *Easley by Easley v. Snider*, 36 F.3d 297, 305 (3d Cir. 1994)). Moreover, the Supreme Court has found that the reasonable modification provision of Title III requires that "an individualized inquiry [] be made to determine whether a specific modification for a particular person's disability would be reasonable under the circumstances as well as necessary for that person, and yet at the same time not work a fundamental alteration" under Title III of the ADA. *See PGA Tour, Inc. v. Martin*, 532 U.S. 661, 688 (2001).

## IV.    DISCSSION

Disney makes four arguments for dismissing the Amended Complaint: (1) Emanuel failed to plausibly allege that her requested modification is "reasonable" under all the circumstances, (2) Emanuel failed to plausibly allege that the requested modification is

"necessary" to afford her son access to the Whitehall Disney Store, (3) Disney's face covering policy is a legitimate safety requirement essential for the safe operation of the Whitehall Disney Store, and (4) Emanuel's request to waive Disney's face covering policy at the Whitehall Disney Store poses a direct threat to the health and safety of Disney's other guests and employees.

      To make out a claim under Title III of the ADA, Emanuel must first allege that N.B. was discriminated against on the basis of a disability. As a threshold matter, Emanuel has sufficiently pleaded that N.B. has a disability. Emanuel alleges that N.B. suffers from ASD, a developmental disorder which affects communication and behavior. *See* Am. Compl. at 3. Common symptoms of include impaired social and communication skills, repetitive behaviors, insistence on sameness, and sensory intolerances. *Id.* Next, Emanuel must allege that Disney's failure to accommodate N.B. constitutes discrimination on the basis of his disability because the requested modification was both reasonable and necessary. After review of the Complaint, Emanuel has sufficiently pleaded that the accommodation was both reasonable and necessary.

### A.     Emanuel sufficiently pleaded that the requested accommodation was reasonable.

      Foremost, Disney contends that the requested modification, a waiver of its face covering policy, is unreasonable because it would create an unsafe environment that poses the increased risk of exposure to or transmission of COVID-19 to other guests and employees. Emanuel alleges that the requested modification was reasonable under the totality of the circumstances. Based upon facts alleged in Amended Complaint, Emanuel has met the burden of pleading the reasonableness of her proposed modification to Disney's face covering policy.

      First, Emanuel alleges that N.B. was neither infected with COVID-19 nor exhibiting any symptoms of the virus, such as fever, cough, or shortness of breath. Second, she alleges that the

Whitehall Disney Store limited the number of shoppers permitted in the store.  On the day of the incident, there were approximately ten customers inside the Whitehall Disney Store, all of whom were wearing face coverings.  Third, Emanuel spoke with two Disney employees about her son's disability and the need for an accommodation.  She informed the first Disney employee that N.B. suffers from ASD, which makes it impossible for him to wear a face covering for more than a few seconds.  Emanuel proceeded to explain her son's disability to the Whitehall Disney store manager as well, but N.B. was still denied access to the store.  Emanuel has sufficiently alleged that, under the circumstances presented, it would not have imposed an undue burden on Disney to provide the requested accommodation. [2]  Therefore, this Court finds that Emanuel has sufficiently pleaded facts to establish that the requested modification to Disney's face covering policy was reasonable.

**B.      Emanuel sufficiently pleaded that the requested accommodation was necessary.**

Next, Disney argues that Emanuel failed to sufficiently plead facts to establish that her requested modification of Disney's face mask policy is "necessary" under the ADA.  Namely, Disney argues the only fact that Emanuel provided, that the sensations that N.B. felt were so unpleasant and caused him to rip off his mask, does not conclusively demonstrate that her son was incapable of wearing a mask.

Notwithstanding, Emanuel has sufficiently alleged that a modification of Disney's face covering policy is "necessary" to afford N.B. access to the Whitehall Disney Store.  Emanuel alleges that N.B. cannot wear a mask because of his disability.  She further alleges that N.B.

---

[2]      While the April 15, 2020 and July 1, 2020 orders by the Pennsylvania Department of Health recognized the need for strong mitigation to slow the spread of the virus, both include an express exception for individuals who cannot wear a mask due to a medical condition.  *See* Pa. Dep't of Health Orders, *supra* Section II.

suffers from ASD and is highly sensitive to touch, especially on his face.  On several occasions, Emanuel alleges that she attempted to test N.B.'s tolerance for wearing different face coverings. Emanuel's efforts proved unsuccessful because the sensation of the covering on N.B.'s face created an experience, so unpleasant for him, that he would immediately rip the covering off. Consequently, Emanuel has met her burden of alleging that the reasonable accommodation was "necessary" to provide her son meaningful access to the Whitehall Disney Store in the same manner as other non-disabled customers who were able to wear a face covering.

Accordingly, because Emanuel has sufficiently pleaded that the requested accommodation was both reasonable and necessary, she has made out a claim that Disney's failure to accommodate rises to the level of discrimination based on disability under the ADA.

### C.    Emanuel sufficiently pleads the remaining two elements of an ADA discrimination claim.

Likewise, Emanuel has met her burden of alleging the remaining two elements of a Title III ADA discrimination claim.  Under the ADA, to show failure to accommodate as a basis of discrimination, a plaintiff must first show the requested accommodation was reasonable and necessary and would not impose an undue burden.  Second, plaintiff must allege the defendant failed to afford an individual the equal opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation.  Third and finally, the denial of equal enjoyment must be carried out by the public accommodation's owner, lessor, or operator.

In this case, through Disney's enforcing of its face covering policy, N.B. was denied entry into the store.  As a result, N.B. was denied full and equal enjoyment of the goods or services of the Whitehall Disney store.  Furthermore, the Whitehall Disney store is a place of

public accommodation subject to Title III of the ADA because it fits within the meaning of a "sales . . . establishment." *See* 42 U.S.C.§ 12181(7)(E).  Finally, Emanuel has alleged that Disney owns, leases, or operates the store at issue.

Accordingly, Emanuel has pleaded (1) that N.B. was discriminated against based on his disability, (2) that N.B. was denied the full enjoyment of public accommodation of the Disney store, and (3) that the Disney store is the owner, lessor, or operator of that public accommodation.  Therefore, Emanuel has alleged a violation of Title III of the ADA.

**D.      Disney's defenses are not appropriate for review at the motion to dismiss stage of this proceeding.**

Lastly, Disney asserts two safety-related arguments.  Under the ADA, "there are two safety 'defenses' to policies or criteria that are otherwise discriminatory," which a defendant has the burden to prove: "legitimate safety requirement[]" under 28 C.F.R. § 36.301(b) and a "direct threat" under 42 U.S.C. § 12182(b)(3).[3]

A "public accommodation may impose legitimate safety requirements that are necessary for safe operation.  Safety requirements must be based on actual risks and not on mere speculation, stereotypes, or generalizations about individuals with disabilities."  28 C.F.R. § 36.301(b).  A direct threat is "a significant risk to the health or safety of others that cannot be eliminated by a modification of policies, practices, or procedures or by the provision of auxiliary aids or services."  42 U.S.C. § 12182(b)(3).

While "ordinarily a party may not raise affirmative defenses at the motion to dismiss stage, it may do so if the defense is apparent on the face of the complaint."  *Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245, 259 (3d Cir. 2014) (citing *Ball v. Famiglio*, 726 F.3d 448, 459

---

[3]      *Pletcher v. Giant Eagle Inc.*, No. CV 2:20-754, 2020 WL 6263916, at *3 (W.D. Pa. Oct. 23, 2020).

n.16 (3d Cir. 2013)); *see also Hackney v. Bank*, No. CIV. A. 13-7590, 2014 WL 1910246, at *2 (E.D. Pa. May 13, 2014) (district court may dismiss complaint based on affirmative defense established by the complaint and judicially noticeable information).

Mainly, Disney contends that its face covering requirement at the Whitehall Disney Store is a legitimate safety requirement with which all guests are required to comply, including those with a disability, and that waiving the face covering requirement in light of infectious diseases like COVID-19 would pose a direct threat to the health and safety of others.  Thus, Disney asks this Court to opine on its asserted Title III safety-related defenses at the motion to dismiss stage.

Despite Disney's contentions, it would be inappropriate to review its affirmative defenses at this time.  Importantly, neither of these defenses are apparent on the face of the Amended Complaint.  Instead, both of the asserted defenses require fact specific inquiry that presumes the existence of an established factual record.  There being no record in this matter at this time, it would be inappropriate to assess the merit of either defense.  *See, e.g.*, *Gil v. Vortex, LLC*, 697 F. Supp. 2d 234, 242 (D. Mass. 2010) (stating that, in a disability discrimination case under the ADA, defendant's "direct threat" affirmative defense "simply has no place in a motion to dismiss").  Accordingly, the Court declines to review the legitimate safety requirement defense and the direct threat defense at this stage of the litigation.

V.    **Conclusion**

Emanuel has presented sufficient allegations in her Amended Complaint that give rise to a plausible claim of public accommodation discrimination under Title III of the ADA.  Emanuel has alleged sufficient facts to establish that the requested accommodation was both reasonable and necessary.  Moreover, Disney's two safety-related affirmative defenses are not apparent on

the face of the Amended Complaint, and therefore, they are not appropriately reviewable at this stage in the proceedings.  Accordingly, Disney's motion to dismiss is denied.

A separate Order follows.


BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge